UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LONNIE RAY CARTER,

        Plaintiff(s),

  v.

THOMAS C. PAYNTER, et al.,

        Defendant(s).

NO. C09-505MJP

MINUTE ORDER RE: PLAINTIFF'S "MOTION TO COMPEL PRODUCTION"

The following minute order is made by the direction of the court, the Honorable Marsha J. Pechman:

On August 10, 2009, Plaintiff filed a document entitled "Plaintiff's Motion to Compell (*sic*) Production of Documents from Magistrate Judge Mary A. Theiler and Inter Alia." Dkt. No. 23. Upon review of the pleading, the Court does not believe it to be properly designated as a motion to compel, since it does not seek production of discovery from an opposing party in Plaintiff's lawsuit. Rather, the pleading appears to be Plaintiff's attempt to protest the failure of the Court to grant his Motion to Seal (Dkt. No. 10) and to seek some form of judicial redress. The Court responds as follows:

First, Plaintiff appears to believe that, because Magistrate Judge Theiler ruled on his request to proceed *in forma pauperis* (Dkt. No. 12; June 17, 2009), and Judge Theiler was initially designated as the "preassignment" judge in case the parties were willing to consent to having a magistrate judge hear their matter, that Judge Theiler is currently presiding over his lawsuit. This is not the case – Plaintiff never consented to have Magistrate Judge Theiler hear his matter and this Court remains the presiding

MINUTE ORDER RE: PLAINTIFF'S MOTION

1 court in the above-entitled litigation. It is customary that IFP applications are referred to magistrate
2 judges for determination, but this is a limited referral and does not reflect a general assignment of the
3 case for determination on its merits.

4 Second, ruling on Plaintiff's Motion to Seal was delayed because (1) his initial motion to seal,
5 although it referenced a "Memorandum in Support of Motion to Seal," did not indicate that such a
6 memorandum had been filed separately (and a month earlier) as part of his original complaint (*see*
7 Motion to Seal Court Records, Dkt. No. 10); and (2) Plaintiff's address changed from the time of
8 filing of his complaint to the Court's review of his sealing request, so the Court's request that Plaintiff
9 provide a copy of his supporting memorandum did not reach Plaintiff until after the Court had stricken
10 his motion because no memorandum had been received. Dkt. No. 20. Plaintiff has since directed the
11 Court to his Memorandum in Support of Motion to Seal, it has been reviewed, and Plaintiff's Motion
12 to Seal the exhibits to his complaint has been granted. Dkt. No. 24.

13 The Court believes that the granting of the motion to seal addresses the concerns raised by
14 Plaintiff in the instant motion, and on that basis Plaintiff's "Motion to Compel" is VACATED.
15 Service of his complaint by mail has been ordered upon Defendants, his exhibits have been sealed, and
16 the Court hopes that the litigation may now proceed forward.

17 Filed this 18th day of August, 2009.

BRUCE RIFKIN, Clerk

By  /s Mary Duett
    Deputy Clerk

26 MINUTE ORDER RE: PLAINTIFF'S MOTION