UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LONNIE RAY CARTER, | ) | CASE NO. C09-0505-MJP |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| THOMAS C. PAYNTER, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case. He alleges a denial of his rights to security, safety, and equal protection and names over twenty different defendants. As previously indicated by the Court, several named defendants are not considered parties to this action due to plaintiff's failure to provide either names or correct addresses. (Dkt. 84 at 2 (discussing "John Doe" defendants and named defendants Thomas Paynter and Harold Lee); *see also* Dkts. 31-33 (waivers of service returned unexecuted for Paynter, Lee, and Dina Dominguez).)

Now, in two separate motions, Byron H. Ward and numerous state defendants – Christine Gregoire, Antonia Alvarado-Jackson, John Avery, Chris Bowman, Jerry Dunleavy, Rob McKenna, David McKinney, Rod Shumate, Jeffrey Uttecht, Donald Vest, and Michelle Walker – seek dismissal of plaintiff's claims.  (Dkts. 73 & 81.)  Plaintiff raises objections to these motions.  (Dkts. 83 & 91.)[1]  For the reasons described below, the Court recommends that the motions to dismiss be GRANTED.  The Court additionally recommends that any claims against Bank of America be DISMISSED.

## BACKGROUND AND DISCUSSION

Plaintiff avers claims pursuant to 42 U.S.C. § 1983.  In order to sustain a § 1983 claim, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In lieu of filing an answer, the above-named defendants seek dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, the Court must accept all of the material allegations in plaintiff's complaint as true and liberally construe those facts in the

---

[1] Defendants challenge the timeliness of plaintiff's objections.  (Dkts. 89 & 90.)  While the Court agrees plaintiff untimely submitted his opposition to the State defendants' motion (*see* Dkt. 83 at 14 (plaintiff indicates he mailed his objections on November 4, 2009 for a motion noted for consideration on November 6, 2009 (Dkt. 73)), it is unclear whether he untimely submitted his opposition to Ward's motion (*see* Dkt. 91 at 25 (although received by the Court on December 7, 2009, plaintiff indicates he mailed his objections on November 23, 2009 for a motion noted for consideration on December 4, 2009 (Dkt. 82)).  In any event, in order to fully consider the issues raised in these motions, the Court will consider plaintiff's objections.  The Court further notes, in response to plaintiff's request (Dkt. 83 at 2), that this Report and Recommendation and previous Orders issued in this matter (*see*, *e.g.*, Dkts. 84 & 85) may be used as evidence of plaintiff's *pro se* status.

light most favorable to plaintiff, as a *pro se* litigant. *See Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

A. <u>Byron Ward's Motion to Dismiss</u>

Defendant Byron H. Ward, a public defender, represented plaintiff in criminal proceedings in 2001. (Dkt. 13 at 21.) Plaintiff asserts that he accepted a plea offer presented by Ward requiring him to provide information regarding other crimes, and that he gave Ward a confidential statement describing an ongoing identity theft crime. (*Id*. at 15-16.) He asserts that Ward gave this statement to "John Doe," a Seattle Police fraud detective, who passed it on to Bank of America, resulting in his two nieces losing their jobs with Bank of America. (*Id*. at 16.) Plaintiff further avers that, on July 4, 2003, one of his nieces told him she accessed this confidential statement in a job as a computer programmer at the Seattle King County jail, made copies, and disseminated the document throughout the Seattle community where plaintiff was born and raised. (*Id*. at 20-22.) Plaintiff maintains Ward acted recklessly and intentionally to violate his constitutional rights. However, as argued in the motion to dismiss, plaintiff fails to state a claim against Ward.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted). The United States Supreme Court has made clear that public defenders are not considered state

actors for purposes of bringing suit under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Id*.

A defense attorney who conspires with state officials to deprive a client of his federal rights acts under color of state law and may be liable under § 1983. *See Tower v. Glover*, 467 U.S. 914, 923 (1984). However, "[t]o prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (internal quotation marks and quoted sources omitted). To be liable, "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id*. at 1541. Although the Court liberally construes pleadings, allegations of conspiracy are subject to a heightened pleading requirement, and the complaint must contain more than conclusory allegations. *See Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991).

In this case, plaintiff targets Ward's actions in attempting to negotiate a plea bargain. As such actions clearly fall within the traditional functions of counsel in a criminal matter, it cannot be said that Ward was acting under color of state law. Nor is there any basis for a claim of conspiracy. While plaintiff alleges Ward conspired with a Seattle Police detective, he provides no facts to support the existence of an agreement or meeting of the minds to violate his constitutional rights. (Dkt. 13 at 25-26.) As such, plaintiff's conclusory allegation does not suffice to state a claim of conspiracy.

Plaintiff's claims against Ward are also untimely. Federal courts apply the forum

state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). A § 1983 action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his or her action. *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760 (9th Cir. 1991).

Plaintiff submitted his complaint to this Court on April 14, 2009. (Dkt. 1.) Yet, by plaintiff's admission, he knew or had reason to know about the leaked confidential statement as early as July 4, 2003. (Dkt. 13 at 20 ("[P]laintiff further asserts that defendant Ward, firmly gives rise to a cause of action, and plaintiff did not become aware of that fact, that defendant Ward, firmly gives rise to a cause of action; until on the 4th day of July, 2003.")) As such, plaintiff's claims against Ward are barred by the statute of limitations.

For the reasons described above, the Court concludes that plaintiff fails to state a claim against Ward. The Court should, therefore, grant Ward's motion to dismiss.

B.  State Defendants' Motion to Dismiss

Plaintiff asserts that, in 2007 and 2008, he sent letters to Gregoire, Uttecht, and McKenna providing information regarding murder plots or other violence. (*Id*. at 55-69.)[2] He avers that these defendants violated his rights to security, safety, and equal protection by failing to take action in response to these mailings, and intentionally discriminated and engaged in a conspiracy against him based on his race. (*Id*. at 59, 63-64). He also focuses on

---

[2] Due to errors in numbering, the page numbers provided by plaintiff in his complaint do not in every instance match those of the page numbers for the cited docket entry. (Dkt. 13). For consistency, the Court cites herein only the docket entry page numbers.

McKenna's supervision of another named defendant, John S. Blonien,[3] who apparently did reply to plaintiff's mailings. (*Id*. at 62-64, 69).

Plaintiff further avers that there was a "murder for hire" contract out for him, as a result of the dissemination of the above-described confidential statement, pending his release from prison in or around August 2008. (*See*, *e.g.*, *id*. at 96.) He accuses defendants Walker, Vest, McKinney, Bowman, and Avery, among others, of depriving him of his rights to safety, security, and equal protection, and continuing the race-based conspiracy against him, in the face of this "life threatening" situation. (*Id*. at 77-98.) He maintains that Walker (a prison re-entry specialist) refused to contact Gregoire and request his release to another state, ignored his request for placement in a witness protection program, and otherwise failed to help him avoid reentry into the Seattle area. (*Id*. at 77-90.) He claims that Vest (a community corrections officer) failed to provide him with a one-way bus ticket, and that Vest, along with Bowman (a prison official), Avery (a correctional unit supervisor), McKinney (a prison counselor), and another named defendant, William Copland (a re-entry specialist), knew he was in danger and deliberately and recklessly "diverted" him directly to Seattle in a Department of Corrections car. (*Id*. at 96.)

Defendants raise a number of arguments in seeking dismissal of plaintiff's claims. For the reasons described below, the Court agrees with defendants that plaintiff's claims against the state defendants should be dismissed for failure to state a claim.

A plaintiff in a § 1983 action must allege facts showing how defendants individually

---

3 The motion to dismiss was not filed on behalf of Blonien or another state defendant, Bill Copland, (*see* Dkt. 89 at 1, n.1), both of whom waived service following the filing of the motion to dismiss (Dkt. 88).

caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights.

In this case, plaintiff failed to allege the personal participation of named defendants Alvarado-Jackson, Dunleavy, or Shumate. He includes these individuals only in the section of the complaint naming the parties. (Dkt. 13 at 4.) As argued by defendants, given the absence of any specific allegations as to these defendants, plaintiff's claims against Alvarado-Jackson, Dunleavy, and Shumate should be dismissed. However, contrary to defendants' assertion, plaintiff did include allegations relating to Avery, Bowman, and Uttecht within the body of his complaint. (*Id*. at 55-57, 94.)

Plaintiff's claims against Gregoire, Uttecht, and McKenna appear to be based, in large apart, on their roles as supervisors. (*Id*. at 53-67.) In particular, plaintiff takes issue with McKenna's alleged failure to supervise another named defendant. (*Id*. at 60-62.) Accordingly, to the extent plaintiff pursues claims against Gregoire, Uttecht, and McKenna under a theory of supervisory liability, such claims should also be dismissed.

Plaintiff's claims against Gregoire, Uttecht, and McKenna, as well as Walker, suffer from an additional defect. Plaintiff complains that these individuals failed to respond or take action in response to letters he sent them regarding murder plots or other violence, and asserts the existence of a conspiracy. He maintains this inaction violated his Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights and his rights under 42 U.S.C. §§ 1981 and 1985(c). (*See*,

01 *e.g.*, *id*. at 55). However, plaintiff does not explain how failing to respond to these letters

02 constituted a violation of his constitutional or federal statutory rights. Instead, his allegations

03 against these individuals are no more than vague and conclusory and, therefore, subject to

04 dismissal. *See Pena v. Gardner*, 976 F.2d 469, 471 (1992) ("'Vague and conclusory

05 allegations of official participation in civil rights violations are not sufficient to withstand a

06 motion to dismiss.'") (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268

07 (9th Cir. 1982)) and *Prince*, 939 F.2d at 707-09 (allegations of conspiracy are subject to a

08 heightened pleading requirement, requiring more than conclusory allegations). *See also*

09 *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("While it need not contain detailed

10 factual allegations, a complaint that offers merely "labels and conclusions" or "naked

11 assertions" without factual enhancement is not sufficient under Rule 8.") (quoting *Bell Atlantic*

12 *Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) and citing Fed. R. Civ. P. 8).[4]

13     As described above, plaintiff also maintains there was a contract out on his life and that

14 Walker, Vest, McKinney, Bowman, and Avery violated his rights in their actions and inactions

15 relating to his release to King County. Again, plaintiff alleges violation of his Fifth, Eighth,

16 Thirteenth, and Fourteenth Amendment rights, as well as his rights under 42 U.S.C. §§ 1981

17 and 1985(c). (Dkt. 13 at 77, 93, 98.)

---

19     4 The State defendants also argue that plaintiff's claims against Gregoire and McKenna should be dismissed based on Eleventh Amendment immunity. However, as noted by plaintiff (Dkt. 91 at 19-21), he sues Gregoire and McKenna in their personal, not official, capacities (Dkt. 13 at 60, 69).
20 Defendants additionally argue that plaintiff impermissibly seeks a judgment that would necessarily imply the invalidity of his confinement. *Heck v. Humphrey*, 512 U.S. 477, 483-84 (1994) (where a §
21 1983 action implies the invalidity of a criminal conviction or sentence, the action may not proceed unless plaintiff first succeeds in overturning the underlying conviction or sentence through direct appeal
22 or a post-conviction type of proceeding). It is not apparent from the Court's review of the complaint that plaintiff seeks such relief. (*See* Dkt. 13.) However, to the extent plaintiff does seek a judgment that would imply the invalidity of his conviction, such a request would not be cognizable under § 1983.

In response to these claims, defendants note that, pursuant to State law, offenders must be returned to their county of origin unless it would be "inappropriate considering any court-ordered condition of the offender's sentence, victim safety concerns, negative influences on the offender in the community, or the location of family or other sponsoring persons or organizations that will support the offender." RCW 72.09.270(8). They argue Walker had an obligation to return plaintiff to King County and deny plaintiff raises a constitutional violation. Defendants assert plaintiff fails to explain how Vest and McKinney's refusal to take plaintiff to the bus station upon his release from prison could constitute a violation of his constitutional rights. They additionally assert they acted reasonably in relation to the circumstances at issue and are, therefore, entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") Finally, defendants maintain the absence of any showing of an equal protection violation, a conspiracy, or any other constitutional or federal statutory violation.

Plaintiff's allegations that the actions and/or inactions of the state defendants related to his race, a denial of equal protection, or some type of conspiracy are no more than conclusory, lacking any factual or legal support. Likewise, plaintiff offers no more than bare, conclusory assertions with respect to violations of his right to due process.

Plaintiff's complaint can be construed to assert an Eighth Amendment failure to protect claim. *See generally Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991) (to establish an Eighth Amendment violation, an inmate must prove that prison officials were "deliberately

indifferent" to a serious risk of harm to his well-being) and *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.") However, plaintiff does not identify any harm suffered in relation to such a claim. Accordingly, the Court also finds plaintiff's assertions as to a violation of his Eighth Amendment rights insufficient to state a claim. *See*, *e.g.*, *Williams v. Wood*, No. 06-55052, 2007 U.S. App. LEXIS 4884 at *2-3 (9th Cir. Mar. 1, 2007) (failure to protect claim properly dismissed where plaintiff did not allege he had been assaulted or threatened by other inmates "and his speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health.") (citing *Farmer*, 511 U.S. at 843); *Morgan v. MacDonald*, 41 F.3d 1291, 1293-94 (9th Cir. 1994) (rejecting Eighth Amendment claim where inmate labeled a snitch had not been retaliated against).[5]

In sum, the Court concludes that plaintiff fails to state a claim against Alvarado-Jackson, Dunleavy, Shumate, Gregoire, Uttecht, McKenna, Walker, Vest, McKinney, Bowman, and Avery. The Court should, therefore, grant the State defendants' motion to dismiss.

C. <u>Bank of America</u>

The Court also *sua sponte* recommends dismissal of Bank of America as a defendant. Although a notice of appearance has been filed on behalf of Bank of America (Dkt. 54), a thorough reading of plaintiff's complaint reveals that Bank of America was not named as a defendant. (Dkt. 13.) Plaintiff did identify as defendants two "John Does" associated with

---

[5] Finding plaintiff's complaint to fail at this basic level, the Court declines to address the assertion of qualified immunity.

Bank of America, including a "Main Manager" and "Chief of Fraud Department." (*Id*. at 2-3, 7.) The Court previously indicated that these individuals had not been served and were not considered defendants to this action. (Dkt. 84 at 2.) Moreover, as with the claims against Ward, any claims plaintiff might desire to pursue against Bank of America or any of its employees are barred by the applicable statute of limitations. *See supra* at 5. For these reasons, the Court recommends that any construed claims against Bank of America be DISMISSED.

## CONCLUSION

For the reasons described above, the Court recommends that Ward's motion to dismiss (Dkt. 81) and the state defendants' motion to dismiss (Dkt. 73) be GRANTED. Plaintiff's claims against Ward, Alvarado-Jackson, Dunleavy, Shumate, Gregoire, Uttecht, McKenna, Walker, Vest, McKinney, Bowman, and Avery should be DISMISSED. The Court additionally recommends that any claims against Bank of America be DISMISSED.

DATED this 13th day of January, 2010.

Mary Alice Theiler
United States Magistrate Judge