UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONNIE RAY CARTER, | CASE NO. C09-0505-MJP-MAT |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| THOMAS C. PAYNTER, et al., | |
| Defendants. | |

### INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights case. The Court previously dismissed claims brought against a number of named defendants. (Dkts. 99 & 102.) Now before the Court is a motion to dismiss filed by defendant Richard Gil Kerlikowske. (Dkt. 93.) For the reasons described below, the Court recommends that the motion to dismiss be GRANTED, and plaintiff's claims against Kerlikowske be DISMISSED.

### BACKGROUND AND DISCUSSION

Defendant Kerlikowske seeks dismissal for failure to state a claim upon which relief can

REPORT AND RECOMMENDATION
PAGE -1

be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court must accept all of the material allegations in plaintiff's complaint as true and liberally construe those facts in the light most favorable to plaintiff, as a *pro se* litigant. *See Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff avers claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff alleges the existence of a murder plot against him by a group of individuals to be acted upon following his release from prison in or around August 2008. (*See generally* Dkt. 13.) He states that, in June 2006, he sent Kerlikowske, former Chief of the Seattle Police Department, a letter regarding the murder plot. (*Id.* at 42-43.)[1] Plaintiff avers that Kerlikowske failed to respond to or investigate the allegations set forth in the letter, and further failed to properly supervise, train, and inform Seattle Police Department employees with respect to the murder plot. (*Id.* at 42-44, 51-54.) Plaintiff appears to assert racial motivation

---

1 Due to errors in numbering, the page numbers provided by plaintiff in his complaint do not in every instance match those of the page numbers for the cited docket entry. (Dkt. 13). For consistency, the Court cites herein only the docket entry page numbers.

on the part of Kerlikowske. (*Id*. at 49-50, 53-54.) Plaintiff also asserts that Kerlikowske failed to respond to or act on an additional letter apparently outlining grievances against one of plaintiff's attorneys. (*Id*. at 43.) Plaintiff argues that Kerlikowske's failure to act violated his Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights, and his rights under 42 U.S.C. §§ 1981 and 1985(c). (*Id*. at 53-55.) However, as argued by defendant and for the reasons discussed below, plaintiff's complaint does not suffice to state a claim under § 1983.

A plaintiff in a § 1983 action must allege facts showing how defendants individually caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. Here, plaintiff in part challenges Kerlikowske's role as a supervisor over other members of the Seattle Police Department. (Dkt. 13 at 43-44, 51-54.) Accordingly, because plaintiff seeks relief against Kerlikowske under a theory of supervisory liability, his claim should be dismissed.

Plaintiff's claims against Kerlikowske as a whole also suffer from an additional defect. Vague and conclusory allegations are subject to dismissal. *See Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth.") (quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)

("'Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.'") (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Moreover, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S.Ct. at 1949).

In this case, plaintiff does not explain how Kerlikowske's failure to respond to or take action in relation to letters addressing his belief that a group of private citizens sought to murder him upon his eventual release from prison, and containing complaints about an attorney, constituted a violation of his constitutional or federal statutory rights.  As argued by defendant, there does not appear to be any support for such a proposition.  *See*, *e.g.*, *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) ("As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d 1124, 1126 (7th Cir. 2004) ("[The Constitution] limits the powers of government but does not give people legally enforceable rights to demand public services and to obtain damages or other legal relief if the government fails to provide them.")  *Cf. Williams v. Wood*, No. 06-55052, 2007 U.S. App. LEXIS 4884 at *2-3 (9th Cir. Mar. 1, 2007) (failure to protect claim properly dismissed where plaintiff did not allege he had been assaulted or threatened by other inmates "and his speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health.") (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)).  Instead, plaintiff's claims against

Kerlikowske are vague and conclusory and do not plausibly suggest entitlement to relief.

In sum, the Court concludes that plaintiff fails to state a claim against Kerlikowske. The Court should, therefore, grant defendant's motion to dismiss.

## CONCLUSION

For the reasons described above, Kerlikowske's motion to dismiss (Dkt. 93) should be GRANTED. Plaintiff's claims against Kerlikowske should be DISMISSED.

DATED this 10th day of March, 2010.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5