UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONNIE RAY CARTER, ) | CASE NO. C09-0505-MJP-MAT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER TO SHOW CAUSE |
| ) | |
| THOMAS C. PAYNTER, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights case. He named over twenty different defendants in his complaint. (*See* Dkt. 13.) The Court dismissed claims brought against thirteen of those defendants (Dkts. 99 & 102),[1] clarified that five other individuals are not considered parties to this action due to plaintiff's failure to provide either names or correct addresses (*see* Dkt. 99), and recently recommended dismissal of an additional defendant (Dkt.103).

---

[1] The Court granted a motion to dismiss filed by a number of State defendants. Plaintiff filed a motion to strike the State defendants' motion to dismiss. (Dkt. 91.) However, because the Court granted defendants' motion, plaintiff's motion to strike is hereby STRICKEN as moot.

ORDER TO SHOW CAUSE
PAGE -1

It appears that this matter was not screened prior to service pursuant to 28 U.S.C. § 1915(e)(2), which allows for dismissal at any time upon a determination that an IFP action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, or pursuant to § 1915A, which requires screening of civil rights actions filed by prisoners and dismissal for the same grounds identified in § 1915(e)(2).[2] At this time, the Court finds it prudent to screen plaintiff's claims against the remaining named defendants, including Anne Harper, Ken Ray, Bill Copland, John S. Blonien, and Shirill Reese.[3]

The Court first advises plaintiff as to relevant principles of law. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Conner*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). The

---

[2] Plaintiff was apparently not incarcerated when this action was originally filed, subsequently became incarcerated, and has since been released. In any event, the provisions of § 1915(e)(2)(B) are not limited to prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

[3] Defendants Harper and Ray submitted answers including the defense of failure to state a claim upon which relief can be granted (Dkt. 43 & 63), while State defendants Copland and Blonien did not submit their waivers of service until after the filing of a motion to dismiss by other State defendants (*see* Dkt. 88). Defendant Reese did not return a waiver of service and did not respond to an Order to Show Cause regarding service. (Dkt. 94.) Now, having screened plaintiff's claims against Reese, the Court finds no basis for service and hereby WITHDRAWS the Order to Show Cause directed to Reese. (*Id*.)

under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted).

A plaintiff must allege facts showing how defendants individually caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights.

Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). A § 1983 action accrues and the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his or her action. *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760 (9th Cir. 1991).

Vague and conclusory allegations are subject to dismissal. *See Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth.") (quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) ("'Vague and conclusory allegations of official participation in civil rights violations are

not sufficient to withstand a motion to dismiss.'") (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Moreover, "the non-conclusory 'factual content,' [of the complaint] and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S.Ct. at 1949).

Here, plaintiff asserts that, in accepting a plea offer in 2001, he provided his then counsel with a confidential statement describing an ongoing identity theft crime, and that his counsel passed this statement onto the Seattle Police Department and to Bank of America, which resulted in his two nieces, including Reese, losing their jobs with Bank of America. (Dkt. 13 at 15-16, 39-40.)[4]  He states that Reese told him, on July 4, 2003, that she accessed the confidential statement in a job as a computer programmer at the King County jail, made copies, and disseminated the document throughout the Seattle community where plaintiff was born and raised.  (*Id*. at 40-41.)

Plaintiff further contends that a "murder for hire" contract on his life, to take place following his release from prison in or around August 2008, resulted from the dissemination of the confidential statement.  (*See*, *e.g.*, *id*. at 96.)  He states that, beginning years prior to his release, he sent letters to various individuals regarding the perceived threat to his life and that those individuals either failed to respond to, or insufficiently responded to, his letters.  (*See*, *e.g.*, *id*. at 60-63.)  Plaintiff also asserts that various other individuals ignored the threat to his life in acting or not acting with respect to his ultimate release from confinement and re-entry

---

[4] Due to errors in numbering, the page numbers provided by plaintiff in his complaint do not in every instance match those of the page numbers for the cited docket entry.  (Dkt. 13).  For consistency, the Court cites herein only the docket entry page numbers.

back into Seattle. (*Id*. at 93-97.)

Plaintiff argues that the named defendants violated his Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights, various statutory rights, and, in some instances, obligations of professional responsibility. Now, having screened plaintiff's claims against the remaining defendants in this matter, the Court notifies plaintiff as to the following deficiencies in his complaint:

(1) Plaintiff brings claims against Harper due to her position as the Director of the Office of the Public Defender and her supervisory role over attorneys who represented plaintiff in criminal proceedings. (*Id*. at 11-26, 37-38.) Plaintiff alleges Harper violated her professional responsibilities and plaintiff's constitutional rights in failing to protect him from actions and/or inactions of his attorneys, her employees, in or around 2001 and 2004. (*Id*.)

Plaintiff's assertions as to violations of any of Harper's professional responsibilities do not aver a constitutional or federal statutory violation and are not, therefore, properly pursued in this § 1983 action. Moreover, the United States Supreme Court has made clear that public defenders, such as Harper, are not considered state actors for purposes of bringing suit under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).[5] Also, even if Harper could be considered a state actor, plaintiff here impermissibly seeks to hold her liable for constitutional

---

[5] A defense attorney who conspires with state officials to deprive a client of his federal rights acts under color of state law and may be liable under § 1983. *See Tower v. Glover*, 467 U.S. 914, 923 (1984). However, plaintiff does not allege a conspiracy involving Harper (Dkt. 13 at 37-38). *See Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991) (although the Court liberally construes pleadings, allegations of conspiracy are subject to a heightened pleading requirement, and the complaint must contain more than conclusory allegations). Nor does it appear that plaintiff could support such a claim. *See United Steelworkers of Am. v. Phelps Dodge Corp*., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) ("To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights.") (internal quotation marks and quoted sources omitted).

deprivations under a theory of supervisory liability. *Taylor*, 880 F.2d at 1045. Finally, because the alleged incidents involving plaintiff's attorneys, and ostensibly Harper, occurred more than three years prior to the April 2009 filing date of plaintiff's complaint (*see* Dkt. 1), plaintiff's claims are barred the applicable three year statute of limitations. RCW § 4.16.080; *RK Ventures, Inc.*, 307 F.3d at 1058. For all of these reasons, plaintiff fails to state a claim against Harper.

(2) Plaintiff avers that, following her termination from Bank of America, Reese secured a position with King County Jail for the sole purpose of obtaining a copy of his confidential statement. (Dkt. 13 at 38-41.) As stated above, plaintiff contends Reese proceeded to disseminate the document throughout Seattle, resulting in threats against his life. (*Id.*)

Although pointing generally to the Fifth, Eighth, Thirteenth, and Fourteenth Amendments, plaintiff does not explain how Reese's actions constitute a violation of his constitutional or statutory rights. Instead, plaintiff's allegations against Reese are vague and conclusory. *See Moss*, 572 F.3d at 969. Nor do the allegations plausibly suggest a claim entitling plaintiff to relief. *Id.* Moreover, by plaintiff's admission, he knew or had reason to know about the leaked confidential statement as early as July 4, 2003. (Dkt. 13 at 40.) His claims against Reese are, therefore, barred by the applicable three year statute of limitations. RCW § 4.16.080; *RK Ventures, Inc.*, 307 F.3d at 1058; and *Bagley*, 925 F.2d at 760. Accordingly, plaintiff's claims against Reese are subject to dismissal.

(3) Plaintiff asserts that Ken Ray, "Director" of the King County Jail, failed to properly train and supervise Reese. (Dkt. 13 at 41-42.) However, as noted above, a plaintiff

in a § 1983 action must allege facts showing how defendants individually caused or personally participated in causing the harm alleged in the complaint, *Arnold*, 637 F.2d at 1355, and may not hold supervisory personnel liable for constitutional deprivations under a theory of supervisory liability, *Taylor*, 880 F.2d at 1045.   Here, plaintiff brings claims against Ray based solely on a theory of supervisory liability.   As such, plaintiff fails to state a claim against Ray.

(4)   Plaintiff claims that Blonien, Senior Assistant Attorney General of Washington State, violated his rights in responding to a letter plaintiff sent to Attorney General Rob McKenna regarding the above-described alleged murder plot. (Dkt. 13 at 69-77.)   Blonien submitted a response on behalf of McKenna in April 2006, informing plaintiff that the Attorney General's Office was not allowed by law to provide legal advice to private citizens, and advising plaintiff to contact private counsel or to seek resolution through the Department of Corrections' Offender Grievance Program.   (Dkt. 1-3 at 127.)

Plaintiff's allegations against Blonien are vague and conclusory, and do not plausibly suggest a claim entitling plaintiff to relief. *Moss*, 572 F.3d at 969.   Indeed, there does not appear to be any basis for concluding that Blonien's response to plaintiff's letter – which addressed plaintiff's belief that a group of private citizens sought to murder him upon his eventual release from prison and possibly contained complaints about an attorney – constituted a violation of plaintiff's constitutional or federal statutory rights. *See*, *e.g.*, *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) ("As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d 1124, 1126 (7th Cir. 2004) ("[The Constitution] limits the powers of

government but does not give people legally enforceable rights to demand public services and to obtain damages or other legal relief if the government fails to provide them.") For all of these reasons, plaintiff's claims against Blonien are subject to dismissal.

(5) Plaintiff claims that, acting along with other State defendants, Copland, Washington State Penitentiary's "Re-Entry Specialist[,]" violated his rights with regard to his release from prison back to Seattle despite the known alleged threats to his life. (Dkt. 13 at 93-96.) However, as with the claims raised against other named State defendants (*see* Dkt. 99), plaintiff's allegations are no more than bare and conclusory, lacking any factual or legal support. *Moss,* 572 F.3d at 969. *See also Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991) (allegations of conspiracy are subject to a heightened pleading requirement, requiring more than conclusory allegations). Moreover, even to the extent pursued as an Eighth Amendment failure to protect claim, *see generally Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991) (to establish an Eighth Amendment violation, an inmate must prove that prison officials were "deliberately indifferent" to a serious risk of harm to his well-being) and *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."), plaintiff does not identify any harm suffered in relation to such a claim. As such, any Eighth Amendment claim against Copland is also subject to dismissal. *See*, *e.g.*, *Williams v. Wood*, No. 06-55052, 2007 U.S. App. LEXIS 4884 at *2-3 (9th Cir. Mar. 1, 2007) (failure to protect claim properly dismissed where plaintiff did not allege he had been assaulted or threatened by other inmates "and his speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial

risk of serious harm to his future health.") (citing *Farmer*, 511 U.S. at 843); *Morgan v. MacDonald*, 41 F.3d 1291, 1293-94 (9th Cir. 1994) (rejecting Eighth Amendment claim where inmate labeled a snitch had not been retaliated against).  Therefore, as with the other named defendants, plaintiff fails to state a claim against Copland.

(6)     As previously noted (*see* Dkts. 84 & 99), plaintiff failed to provide names for two "John Does" and failed to provide current addresses for Thomas C. Paynter, Harold Lee, or Dina Dominguez (*see* Dkts. 31- 33).   Because service could not be effectuated on any of these individuals, they are not considered defendants to this action.

(7)     Given the above, the Court hereby ORDERS plaintiff to SHOW CAUSE why his claims against Harper, Reese, Ray, Blonien, and Copland, and this case as a whole, should not be dismissed for failure to state a claim upon which relief may be granted.   Any response must be submitted within **thirty (30) days** of the date of this Order.   If plaintiff fails to respond or to otherwise show cause, the Court will recommend that this matter be dismissed for failure to adequately allege a cause of action under § 1983.

(8)     The Clerk is directed to send copies of this Order to plaintiff, to defendants, and to the Honorable Marsha J. Pechman.

DATED this 10th day of March, 2010.

Mary Alice Theiler
United States Magistrate Judge