01

02

03

04

05                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
06                                   AT SEATTLE

07   LONNIE RAY CARTER,                     )    CASE NO. C09-0505-MJP-MAT
                                            )
08          Plaintiff,                      )
                                            )
09          v.                              )    REPORT AND RECOMMENDATION
                                            )
10   THOMAS C. PAYNTER, et al.,             )
                                            )
11          Defendants.                     )
     _____    )

12

13                      INTRODUCTION AND BACKGROUND

14          Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil

15   rights case.   He named over twenty different defendants in his complaint.   (*See* Dkt. 13.)   The

16   Court dismissed claims brought against fourteen of those defendants (Dkts. 99, 102-103 & 106)

17   and clarified that five other individuals are not considered parties to this action due to plaintiff's

18   failure to provide either names or correct addresses (*see* Dkt. 99).

19          Upon review of the case record, the Court observed that this matter had not been

20   screened prior to service pursuant to 28 U.S.C. § 1915(e)(2), which allows for dismissal at any

21   time upon a determination that an IFP action is frivolous or malicious, fails to state a claim on

22   which relief may be granted, or seeks monetary relief against a defendant who is immune from

REPORT AND RECOMMENDATION
PAGE -1

01  such relief, or pursuant to § 1915A, which requires screening of civil rights actions filed by

02  prisoners and dismissal for the same grounds identified in § 1915(e)(2).[1]  The Court, therefore,

03  found it prudent to screen plaintiff's claims against the remaining named defendants: Anne

04  Harper, Ken Ray, Bill Copland, John S. Blonien, and Shirill Reese.[2]  The Court thereafter

05  issued an Order to Show Cause, identifying deficiencies in plaintiff's claims against the

06  remaining defendants and directing plaintiff to show cause, on or before April 9, 2010, why his

07  claims against those defendants should not be dismissed.   (Dkt. 104.)

08          To date, the Court has not received any response to the Order to Show Cause from

09  plaintiff. In the interim, defendants Ray and Harper filed a motion for summary judgment,

10  noted for consideration on May 7, 2010.  (Dkt. 105.)   The Court now recommends that

11  plaintiff's claims against the remaining defendants be DENIED and this case DISMISSED for

12  the reasons outlined in the Order to Show Cause and discussed below, and that Ray and

13  Harper's motion for summary judgment be STRICKEN from the Court's calendar as moot.

## DISCUSSION

15          In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of

---

16          1 The Complaint was served on defendants prior to referral to the undersigned.   (*See*
17  Dkts. 25 & 55 and docket entries dated June 18, 2009 and August 19, 2009.)   Plaintiff was
    apparently not incarcerated when this action was originally filed, subsequently became
18  incarcerated, and has since been released.   In any event, the provisions of § 1915(e)(2)(B) are
    not limited to prisoners.   *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

19          2 Defendants Harper and Ray submitted answers including the defense of failure to
20  state a claim upon which relief can be granted (Dkt. 43 & 63), while State defendants Copland
    and Blonien did not submit their waivers of service until after the filing of a motion to dismiss
21  by other State defendants (*see* Dkt. 88).   Defendant Reese did not return a waiver of service
    and did not respond to an Order to Show Cause regarding service.   (Dkt. 94.)   Following
22  screening of plaintiff's claims, the Court withdrew the Order to Show Cause directed to Reese.
    (Dkt. 104 at 2 n.3.)

01   rights protected by the Constitution or created by federal statute, and (2) that the violation was

02   proximately caused by a person acting under color of state or federal law.   *West v. Atkins*, 487

03   U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).   "[Section] 1983

04   'is not itself a source of substantive rights,' but merely provides 'a method for vindicating

05   federal rights elsewhere conferred.'"   *Graham v. Conner*, 490 U.S. 386, 393-94 (1989)

06   (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).   The under-color-of-state-law

07   element of § 1983 excludes from its reach merely private conduct, no matter how

08   discriminatory or wrongful."   *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)

09   (internal quotation marks and quoted sources omitted).

10        A plaintiff must allege facts showing how defendants individually caused or personally

11   participated in causing the harm alleged in the complaint.   *Arnold v. IBM*, 637 F.2d 1350, 1355

12   (9th Cir. 1981).   A plaintiff may not hold supervisory personnel liable under § 1983 for

13   constitutional deprivations under a theory of supervisory liability.   *Taylor v. List*, 880 F.2d

14   1040, 1045 (9th Cir. 1989).   Rather, a plaintiff must allege that a defendant's own conduct

15   violated the plaintiff's civil rights.

16        Federal courts apply the forum state's personal injury statute of limitations to § 1983

17   claims.   *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).   A three year statute of limitations

18   applies in Washington.   RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,

19   1058 (9th Cir. 2002).   A § 1983 action accrues and the statute of limitations begins to run when

20   a plaintiff knows or has reason to know of the injury which is the basis of his or her action.

21   *Bagley v. CMC Real Estate Corp.*, 925 F.2d 758, 760 (9th Cir. 1991).

22        Vague and conclusory allegations are subject to dismissal.   *See Moss v. United States*

01 *Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("'[B]are assertions . . . amount[ing] to nothing

02 more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for

03 the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth.")

04 (quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic*

05 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

06 1992) ("'Vague and conclusory allegations of official participation in civil rights violations are

07 not sufficient to withstand a motion to dismiss.'") (quoting *Ivey v. Board of Regents of Univ. of*

08 *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).   Moreover, "the non-conclusory 'factual content,'

09 [of the complaint] and reasonable inferences from that content, must be plausibly suggestive of

10 a claim entitling the plaintiff to relief."   *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at

11 1949).

12       Here, plaintiff asserts that, in accepting a plea offer in 2001, he provided his then

13 counsel with a confidential statement describing an ongoing identity theft crime, and that his

14 counsel passed this statement on to the Seattle Police Department and to Bank of America,

15 which resulted in his two nieces, including Reese, losing their jobs with Bank of America.

16 (Dkt. 13 at 15-16, 39-40.)[3]   He states that Reese told him, on July 4, 2003, that she accessed the

17 confidential statement in a job as a computer programmer at King County jail, made copies, and

18 disseminated the document throughout the Seattle community where plaintiff was born and

19 raised.   (*Id*. at 40-41.)

20       Plaintiff further contends that a "murder for hire" contract on his life, to take place

21 ───────────────────

22      3 Due to errors in numbering, the page numbers provided by plaintiff in his complaint do not in every instance match those of the page numbers for the cited docket entry.   (Dkt. 13). For consistency, the Court cites herein only the docket entry page numbers.

REPORT AND RECOMMENDATION
PAGE -4

01  following his release from prison in or around August 2008, resulted from the dissemination of

02  the confidential statement.  (*See*, *e.g.*, *id*. at 96.)  He states that, beginning years prior to his

03  release, he sent letters to various individuals regarding the perceived threat to his life and that

04  those individuals either failed to respond or insufficiently responded to his letters.  (*See*, *e.g.*,

05  *id*. at 60-63.)  Plaintiff also asserts that various other individuals ignored the threat to his life in

06  acting or not acting with respect to his ultimate release from confinement and re-entry back into

07  Seattle.  (*Id*. at 93-97.)

08       Plaintiff argues that the named defendants violated his Fifth, Eighth, Thirteenth, and

09  Fourteenth Amendment rights, various statutory rights, and, in some instances, obligations of

10  professional responsibility.  However, for the reasons discussed below, the Court concludes

11  that plaintiff's claims against the remaining defendants should be dismissed.

12  A.   <u>Anne Harper</u>

13       Plaintiff brings claims against Harper due to her position as the Director of the Office of

14  the Public Defender and her alleged supervisory role over attorneys who represented plaintiff in

15  criminal proceedings.  (*Id*. at 11-26, 37-38.)  Plaintiff alleges Harper violated her professional

16  responsibilities and plaintiff's constitutional rights in failing to protect him from actions and/or

17  inactions of his attorneys, whom he contends were Harper's employees,[4] in or around 2001 and

18  2004.  (*Id*.)

19

20      4 While the Court does not herein address the merits of the arguments raised in the
     summary judgment motion filed by Ray and Harper, it notes that, in a declaration attached to

21  that motion, Harper attests that she had no supervisory authority over plaintiff's legal
     representatives, one of whom was employed by the Associated Counsel for the Accused and the

22  other of whom is a solo practitioner.  (Dkt. 105-3, ¶¶ 4-5.)

REPORT AND RECOMMENDATION
PAGE -5

01          Plaintiff's assertions as to violations of any of Harper's professional responsibilities do

02   not aver a constitutional or federal statutory violation and are not, therefore, properly pursued in

03   this § 1983 action.   To the extent plaintiff intended to target any work by Harper as a public

04   defender, the United States Supreme Court has made clear that public defenders are not

05   considered state actors for purposes of bringing suit under § 1983.   *Polk County v. Dodson*,

06   454 U.S. 312, 325 (1981).[5]   Moreover, even considering Harper as a state actor, plaintiff here

07   impermissibly seeks to hold her liable for constitutional deprivations under a theory of

08   supervisory liability.   *Taylor*, 880 F.2d at 1045.   Finally, because the alleged incidents

09   involving plaintiff's attorneys, and ostensibly Harper, occurred more than three years prior to

10   the April 2009 filing date of plaintiff's complaint (*see* Dkt. 1), plaintiff's claims are barred the

11   applicable three year statute of limitations.   RCW § 4.16.080; *RK Ventures, Inc.*, 307 F.3d at

12   1058.   For all of these reasons, plaintiff's claims against Harper should be dismissed.

13   B.   <u>Shirill Reese</u>

14          Plaintiff avers that, following her termination from Bank of America, Reese secured a

15   position with King County Jail for the sole purpose of obtaining a copy of his confidential

16   statement.   (Dkt. 13 at 38-41.)   As stated above, plaintiff contends Reese proceeded to

17   _____

18          5 A defense attorney who conspires with state officials to deprive a client of his federal rights acts under color of state law and may be liable under § 1983.   *See Tower v. Glover*, 467 U.S. 914, 923 (1984).   However, plaintiff does not allege a conspiracy involving Harper. (Dkt. 13 at 37-38.)   *See Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991) (although the Court liberally construes pleadings, allegations of conspiracy are subject to a heightened pleading requirement, and the complaint must contain more than conclusory allegations).   Nor does it appear that plaintiff could support such a claim.   *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) ("To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights.") (internal quotation marks and quoted sources omitted).

01   disseminate the document throughout Seattle, resulting in threats against his life.   (*Id*.)

02       Although pointing generally to the Fifth, Eighth, Thirteenth, and Fourteenth

03   Amendments, plaintiff does not explain how Reese's actions constitute a violation of his

04   constitutional or statutory rights.   Instead, plaintiff's allegations against Reese are vague and

05   conclusory. *See Moss*, 572 F.3d at 969.   Nor do the allegations plausibly suggest a claim

06   entitling plaintiff to relief.   *Id*.   Moreover, by plaintiff's admission, he knew or had reason to

07   know about the leaked confidential statement as early as July 4, 2003.   (Dkt. 13 at 40.)   His

08   claims against Reese are, therefore, barred by the applicable three year statute of limitations.

09   RCW § 4.16.080; *RK Ventures, Inc.*, 307 F.3d at 1058; and *Bagley*, 925 F.2d at 760.

10   Accordingly, plaintiff's claims against Reese should be dismissed.[6]

11   C.   <u>Ken Ray</u>

12       Plaintiff asserts that Ray, as the Director of the King County Jail, failed to properly train

13   and supervise Reese.   (Dkt. 13 at 41-42.)   However, as noted above, a plaintiff in a § 1983

14   action must allege facts showing how defendants individually caused or personally participated

15   in causing the harm alleged in the complaint, *Arnold*, 637 F.2d at 1355, and may not hold

16   supervisory personnel liable for constitutional deprivations under a theory of supervisory

17   liability, *Taylor*, 880 F.2d at 1045.   Here, plaintiff brings claims against Ray based solely on a

18   theory of supervisory liability.   Moreover, even if plaintiff had stated a viable claim against

19   Ray, any such claim would also be subject to dismissal based on the applicable statute of

20

21       6 The Court observes that, in a declaration attached to Ray and Harper's motion for
summary judgment, the Human Resources Manager for the King County Department of Adult
22   and Juvenile Detention attests that Reese has never been employed by the King County Jail.
(Dkt. 105-2, ¶ 3.)

REPORT AND RECOMMENDATION
PAGE -7

01   limitations. RCW § 4.16.080; *RK Ventures, Inc.*, 307 F.3d at 1058; and *Bagley*, 925 F.2d at 760.

02   As such, plaintiff's claims against Ray should be dismissed.[7]

03   D.   Scott Blonien

04        Plaintiff claims that Blonien, Senior Assistant Attorney General of Washington State,

05   violated his rights in responding to a letter plaintiff sent to Attorney General Rob McKenna

06   regarding the above-described alleged murder plot.  (Dkt. 13 at 69-77.)   Blonien submitted a

07   response on behalf of McKenna in April 2006, informing plaintiff that the Attorney General's

08   Office was not allowed by law to provide legal advice to private citizens, and advising plaintiff

09   to contact private counsel or to seek resolution through the Department of Corrections'

10   Offender Grievance Program.   (Dkt. 1-3 at 127.)

11        Plaintiff's allegations against Blonien are vague and conclusory, and do not plausibly

12   suggest a claim entitling plaintiff to relief.  *Moss*, 572 F.3d at 969.  Indeed, there does not

13   appear to be any basis for concluding that Blonien's response to plaintiff's letter – which

14   addressed plaintiff's belief that a group of private citizens sought to murder him upon his

15   eventual release from prison and possibly contained complaints about an attorney – constituted

16   a violation of plaintiff's constitutional or federal statutory rights.  *See*, *e.g.*, *DeShaney v.*

17   *Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) ("As a general matter,

18   then, we conclude that a State's failure to protect an individual against private violence simply

19   does not constitute a violation of the Due Process Clause."); *Tuffendsam v. Dearborn County*

20

21        7 The above-described declaration, *see supra* n. 6, also declares that Ray was employed
     by the King County Jail from September 2004 through January 2005, *after* the time in which
22   plaintiff claims he discovered Reese accessed and disseminated his confidential statement.
     (Dkt. 105-2, ¶ 2.)

01 *Bd. of Health*, 385 F.3d 1124, 1126 (7th Cir. 2004) ("[The Constitution] limits the powers of

02 government but does not give people legally enforceable rights to demand public services and

03 to obtain damages or other legal relief if the government fails to provide them.")   For this

04 reason, plaintiff's claims against Blonien should be dismissed.

05 E.        Bill Copland

06         Plaintiff brings claims against Copland in his role as Washington State Penitentiary's

07 Re-Entry Specialist.   Plaintiff avers that, acting along with other State defendants, Copland

08 violated his rights with regard to his release into Seattle despite the threats to his life.   (Dkt. 13

09 at 93-96.)

10         As with the claims raised against other named State defendants (*see* Dkt. 99), plaintiff's

11 allegations are no more than bare and conclusory, lacking any factual or legal support.   *Moss,*

12 572 F.3d at 969.   *See also Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991) (allegations of

13 conspiracy are subject to a heightened pleading requirement, requiring more than conclusory

14 allegations).   Moreover, even to the extent pursued as an Eighth Amendment failure to protect

15 claim, *see generally Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991) (to establish an Eighth

16 Amendment violation, an inmate must prove that prison officials were "deliberately

17 indifferent" to a serious risk of harm to his well-being) and *Farmer v. Brennan*, 511 U.S. 825,

18 847 (1994) (a prison official may be held liable "only if he knows that inmates face a substantial

19 risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."),

20 plaintiff does not identify any harm he suffered.   As such, any Eighth Amendment claim

21 against Copland is also subject to dismissal.   *See*, *e.g.*, *Williams v. Wood*, No. 06-55052, 2007

22 U.S. App. LEXIS 4884 at *2-3 (9th Cir. Mar. 1, 2007) (failure to protect claim properly

REPORT AND RECOMMENDATION
PAGE -9

01  dismissed where plaintiff did not allege he had been assaulted or threatened by other inmates

02  "and his speculative and generalized fears of harm at the hands of other prisoners do not rise to

03  a sufficiently substantial risk of serious harm to his future health.") (citing *Farmer*, 511 U.S. at

04  843); *Morgan v. MacDonald*, 41 F.3d 1291, 1293-94 (9th Cir. 1994) (rejecting Eighth

05  Amendment claim where inmate labeled a snitch had not been retaliated against).   Therefore,

06  as with the other defendants, plaintiff's claims against Copland should be dismissed.

07                                                     <u>CONCLUSION</u>

08          In sum, plaintiff failed to adequately state a claim against Harper, Reese, Ray, Blonien,

09  or Copland, either in his Complaint or in a response to the Order to Show Cause.   Also, as

10  indicated above, the John Doe defendants, Thomas C. Paynter, Harold Lee, and Dina

11  Dominguez have not been served and are not considered defendants to this action.

12  Accordingly, the Court recommends that plaintiff's claims against the remaining defendants be

13  DENIED and this case as a whole DISMISSED.   The Court further recommends that the

14  pending motion for summary judgment filed by Ray and Harper (Dkt. 105) be STRICKEN as

15  moot.   A proposed order accompanies this Report and Recommendation.

16          DATED this <u>26th</u> day of April, 2010.

17

18  _____
                                                      Mary Alice Theiler

19                                                     United States Magistrate Judge

20

21

22

REPORT AND RECOMMENDATION
PAGE -10